UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE SALVADOR YBARRA,<br><br>                    Plaintiff,<br><br>        -against-<br><br>SHARON JONES,<br><br>                    Defendant. | 25-CV-7746 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Steve Salvador Ybarra, who resides in California, brings this action, *pro se*, against Sharon Jones, an attorney practicing law in Minnesota. According to allegations set forth in the complaint, Jones represents Plaintiff's estranged wife, Michell Ybarra, in an ongoing child custody and divorce proceeding in Minnesota. Plaintiff previously filed an action in the District of Minnesota against Jones, as well as several other defendants, including Plaintiff's employer, the Legal Assistance of Dakota County, Minnesota judges, and Michelle Ybarra. *See Ybarra v. Legal Assis. Of Dakota Cnty.*, No. 25-CV-1948 (MKK) (DJF) (D. Minn.) ("*Ybarra I*").

In this action, and in *Ybarra I*, Plaintiff asserts similar claims under the civil provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 42 U.S.C. § 1983, and 42 U.S.C. § 1985. For the following reasons, the Court transfers this action to the District of Minnesota.

### DISCUSSION

**A.    Venue statutes for RICO claims, Section 1983 claims, and Section 1985 claims**

Civil RICO Act claims brought "against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or

transacts his affairs." 18 U.S.C. § 1965(a). Under this provision, venue is proper in the District of Minnesota where Jones resides.

Venue determinations for claims brought under Section 1983 and Section 1985 are governed by the general venue statute, which states that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiff argues that venue is proper here under Section 1391(b)(2), based on the alleged transfer of money, in furtherance of the alleged conspiracy, that "cleared and settled through New-York correspondent/custodian banks (specific institutions to be identified in discovery) that enabled Jones's fraudulent." (*See* ECF 1, at 4.). Without considering the merits of Plaintiff's assertions regarding venue, the Court will assume for the purposes of this order that venue could be proper here under Section 1391(b)(2), as to the Section 1983 and Section 1985 claims. As discussed below, however, even if a court could find that venue would be proper here, the action should be transferred to the District of Minnesota.

**B.**     **Transfer in the interest of justice**

Even where venue may be proper, a district court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417,

426-27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

Where a plaintiff files duplicative, or substantially similar actions, in two different districts, there is a strong presumption in favor of the forum of the first-filed suit. *See New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991).

In addition, a plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative facts did not occur there. *See, e.g., Coker v. Bank of Am.*, 984 F. Supp. 757, 766 (S.D.N.Y. 1997) ("Coker's choice of the New York forum also is entitled to lesser weight because Coker has chosen a forum that is not his residence."); *Eskofot v. DuPont*, 872 F. Supp. 81, 96 (S.D.N.Y. 1995) ("[The] deference accorded to plaintiff's choice of forum, however, is diminished substantially where the forum is neither plaintiff's home district nor the place where the events or transactions underlying the action occurred."); *Thomas America Corp. v. Fitzgerald*, No. 94-CV-0262, 1994 WL 440935 at *5 (S.D.N.Y. Aug. 11, 1994) ("[T]he plaintiff's choice of forum is accorded less weight where the plaintiff's chosen forum is neither plaintiff's home nor the place where the operative facts of the action occurred."); *De Jesus v. National R.R. Passenger Corp.*, 725 F. Supp. 207, 208 (S.D.N.Y. 1989) ("A plaintiff's

choice of forum is entitled to substantial weight. . . . But where a plaintiff chooses a forum that is not his residence, that weight is diminished.").

Here, the Court concludes that venue is proper in the District of Minnesota. First, as discussed above, venue for Plaintiff's RICO claims is proper in the District of Minnesota. Second, under Section 1391(b)(2), venue is proper in the District of Minnesota because the alleged conspiracy transpired in Minnesota. Although Plaintiff argues that venue is proper here, based on the clearing of money in New York banks that was transferred in furtherance of the alleged conspiracy, the underlying conduct that supports his claims against Jones occurred in Minnesota where Jones and her alleged co-conspirators all reside.

Third, venue is proper in the District of Minnesota because Plaintiff already filed a substantially similar action in the District of Minnesota that is pending. Finally, Plaintiff does not reside in this district and the operative events did not occur here; therefore, his choice of forum is accorded less weight.

For all these reasons, transfer appears to be appropriate for this action. Accordingly, the Court transfers this action to the United States District Court for the District of Minnesota. *See* 28 U.S.C. § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Minnesota. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court.[1] Summonses shall not issue from this court.

This order closes the action in this court. All pending motions in this action shall be terminated.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 24, 2025
         New York, New York

                                  /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                               Chief United States District Judge

---

[1] Plaintiff did not pay the fees to bring this new civil action or ask that the fees be waived.